**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| **CLYDE JACKSON** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:04CV178** |
| **INTERNATIONAL UNION OF** | |
| **OPERATING ENGINEERS LOCAL 624** | **DEFENDANTS** |

**MEMORANDUM OPINION**

This cause comes before the Court on the defendant's two motions [41-1; 76-1] to dismiss and/or for partial summary judgment. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Clyde Jackson, a resident of Columbus, Mississippi. The remaining defendant is the International Union of Operating Engineers Local 624 ("the Union), of which Jackson was a member. Two other corporate defendants, Orion Technologies ("Orion") and Phoenix Management ("Phoenix") have been dismissed due to settlement. Accordingly, the motion for summary judgment filed by those defendants [78-1] is DISMISSED as moot.

In his complaint, Jackson alleges that he interviewed for a position with Orion and Phoenix and that he was hired after that interview. The complaint further alleges that the Union steward, Curtis Payne, an African-American, was displeased that certain African-American men were not included on the hire list. The complaint also alleges that Payne told others of his intention to talk to the corporate defendants in order to get Jackson and another white male removed from the list. On September 16, 2003, the corporate defendants issued an new hire list which excluded Jackson and the other white male and included one black male and two black females. When Jackson

complained to the Union, he was told that there was nothing the Union could do due to Jackson's lack of evidence.

Jackson subsequently filed the instant suit, raising claims of race discrimination on the part of the corporate defendants and the Union, as well as bad faith failure to represent on the part of the Union. The corporate defendants have been dismissed, while the Union has separately filed two motions to dismiss and/or for summary judgment. The first argues that Jackson's bad faith failure to represent claim is barred by the statute of limitations, while the second address the race discrimination claims raised against the Union.

## ANALYSIS

Motions to dismiss for failure to state a claim upon which relief can be granted are governed by Rule 12(b)(6). Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that "[t]he Court may dismiss a claim when it is clear that the plaintiff cna prove no set of facts in support of his claim which would entitle him to relief." Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court

must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

I.  BAD FAITH FAILURE TO REPRESENT.

The parties do not dispute that actions for breach of a union's duty of fair representation are governed by the six-month statute of limitations contained within § 10(b) of the National Labor Relations Act. See 29 U.S.C. § 160(b). This time limit begins to run "when the claimant discover, or in the exercise of reasonable diligence should discover, the acts which form the basis of their duty of fair representation claim." Trial v. Atchison, Topeka & Santa Fe Ry. Co., 896 F.2d 120, 124 (5th Cir. 1990). Likewise, the plaintiff concedes that he had notice of the Union's alleged bad acts at the latest on September 30, 2003 and that he did not file suit until May 28, 2004, roughly eight months later. Nevertheless, the plaintiff argues that he is not defeated by the statute of limitations because he filed charges of bad faith failure to represent with the National Labor Relations Board ("NLRB") as early as February of 2004, within the six-month time limit. The Union, however, denies the argument that a charge made to the NLRB rather than an actual complaint satisfies the requirements of § 10(b).

The Court agrees with the Union's analysis. The fact that Jackson instituted charges with the NLRB against the Union within the six-month time limit means that those NLRB charges, had they been pursued by the Board itself in the form of a complaint against the Union, would not have been considered time-barred. In the Court's judgement, that has nothing to do with the timing of the filing of a civil suit by Jackson himself which must be governed by the Federal Rules of Civil Procedure. Indeed, § 10(b) itself *does not* expressly identify a statute of limitations for the filing of a civil complaint by the aggrieved plaintiff. Rather, the Supreme Court applied the six-month time

3

limit on the filing of charges as the most appropriate time limit on the filing of civil suits by workers against a union. Here, the aggrieved worker had notice of the alleged misconduct on September 30, 2003 at the latest and failed to file suit within six months. Jackson's claims for bad faith failure to represent are barred by the statute of limitations.

II.     RACIAL DISCRIMINATION.

Claims of racial discrimination may be proven either through direct evidence or circumstantially through the McDonnell Douglas burden-shifting scheme. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of discrimination by showing: (1) that he belongs to a protected group; (2) that he was qualified for the position sought; (3) that he suffered an adverse employment action; and (4) that he was replaced by someone outside the protected class. St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). If the plaintiff satisfies the prima facie case, the burden shifts to the defendant to show a legitimate non-discriminatory basis for the employment decision. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Once the defendant does so, the burden shifts back to the plaintiff who must put forth evidence that the proffered legitimate reason is merely a pretext for racial discrimination.

The central thrust of the Union's motion for summary judgment is that Jackson cannot show that Curtis Payne, the union steward who allegedly discriminated again Jackson, was able to exercise any control over the former corporate defendants sufficient to induce them to hire African-American workers over Jackson. Viewing all disputed facts in the light most favorable to the non-movant, however, the Court accepts the following as true: (1) Curtis Payne, as union steward, was a member

4

of the union committee which would negotiate a union contract with the former corporate defendants; (2) Payne exhibited a racial animus towards Jackson and at least one other white employee; (3) the former corporate defendants may well have wanted to placate Payne's desire that they employ African-Americans over whites in order to facilitate the upcoming union negotiations; (4) Payne and the hiring personnel for the former corporate defendants met some time after Jackson's name was put on a hiring list; and (5) after that meeting, a new hiring list was released in which Jackson's name and that of another white employee had been removed and three African-Americans were added.

Turning to the McDonnell Douglas framework, the Court accepts, for summary judgment purposes, that Jackson (1) belongs to a protected group; (2) was qualified for the position sought; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class. The Union argues that Jackson was not qualified for the position sought because his absentee history should have precluded him from the job he was initially awarded. This argument also represents the Union's proffered legitimate reason for why Jackson was not ultimately hired.

The Court finds that there are disputed issues of fact which preclude summary judgment on the issue of racial discrimination by the Union against Jackson, including but not limited to: (1) whether Curtis Payne really did exhibit racial animus towards Jackson, (2) whether Curtis Payne was capable of exercising any influence over the hiring policies of the former corporate defendants, and (3) whether Jackson was actually disqualified for the position he sought due to absenteeism problems.

**CONCLUSION**

Based on the foregoing analysis, it is hereby ORDERED that the Union's motion to dismiss

5

Jackson's bad faith failure to represent claim is GRANTED and that the Union's motion for summary judgment on Jackson's racial discrimination claim is DENIED. A separate order to that effect shall issue this day.

This is the 4th day of January, 2006.

                                                **/s/ Michael P. Mills**
                                                **UNITED STATES DISTRICT JUDGE**